THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| TONY CLEAVER and<br>ALLIE M. JARAMILLO,<br><br> Plaintiffs,<br><br>v.<br><br><br>AVDILJI MANAGEMENT, INC.,<br>dba MI PIACI ITALIAN<br>RESTAURANT and RESAT AVDILJI,<br>INDIVIDUALLY,<br><br> Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 7:19-cv-00152<br>  (JURY) |

## PLAINTIFFS' ORIGINAL COMPLAINT

### SUMMARY OF SUIT

1. Avdilji Management, Inc., dba Mi Piaci Italian Restaurant (the "Company") is a local, family-owned and operated Italian restaurant with two (2) locations in Odessa, Texas.

2. Unfortunately, the Company did not pay its non-exempt employees, Tony Cleaver ("Cleaver") and Allie M. Jaramillo ("Jaramillo") (collectively, the "Plaintiffs") one and one-half (1½) times their regular hourly rate for hours worked over forty (40) per workweek in violation of the Fair Labor Standards Act.

3. Defendant Resat Avdilji ("Avdilji") is the Company's sole managing member and owner. Reference to the "Defendants" is to the Company and Avdilji, collectively.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2019) and 28 U.S.C. § 1331 (2019).

5.    The Plaintiffs bring this Complaint in the district in which the Company does business and where a substantial portion of the conduct charged herein occurred.  As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2019).

THE PARTIES

6.    Cleaver, a resident of Odessa, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint.  In performing his duties for the Company, Cleaver engaged in commerce or in the production of goods for commerce.

7.    Jaramillo, a resident of Odessa, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint.  In performing her duties for the Company, Jaramillo engaged in commerce or in the production of goods for commerce.

8.    The Company, a Texas corporation and an enterprise engaged in commerce, has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.  The Company may be served with process by serving Avdilji, its registered agent, at 2607 N. Grandview Avenue, Odessa, Texas 79761.

9.    Avdilji has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.  Avdilji may be served with process at 2607 N. Grandview Avenue, Odessa, Texas 79761.

BACKGROUND

10.   Cleaver was employed by the Company as a busboy and occasional kitchen helper.   Cleaver typically worked at least forty (40) hours each week and occasionally worked some overtime hours.   Cleaver was not, however, allowed to clock in and out of work or otherwise formally keep track of his hours and he was not paid by the Company for any of the hours he worked.   Rather, Cleaver was compensated by the waitstaff out of their tips rather than by the Company at an hourly rate.   Simply put, Cleaver was not paid by the Company for any hours worked, including hours worked over forty (40) hours each week.

11.   Jaramillo was employed by the Company as a "manager" at the rate of $2.13 per hour.   Jaramillo's duties included hostessing, serving as waitstaff for large parties, and working the cash register.   Depending on what duties she was assigned, she would often times not be allowed to formally clock in and clock out or otherwise account for her hours and she would be paid cash at the end of her shift that had no relationship to the hours she worked.   Jaramillo typically worked over forty (40) hours each week but was not paid overtime for such hours.   For a period of time, Jaramillo only received tips as compensation rather than being compensated by the Company at an hourly rate of pay.

12.   As non-exempt employees, the Plaintiffs were entitled to be paid for all hours worked, including overtime compensation at

one and one-half (1½) times their regular rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2019).

13.   No exemption excuses the Company from paying the Plaintiffs overtime compensation for all hours worked over forty (40) hours each work week.  Nor has the Company made a good faith effort to comply with the FLSA. Instead, the Company knowingly, wilfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to the Plaintiffs.

14.   Avdilji, as the Company's managing member and owner, has a substantial financial interest in the Company and is directly involved in:

a.   the hiring and firing of its employees;

b.   its day-to-day operations as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by its employees;

c.   its finances; and

d.   corporate decisions.

<u>CAUSE OF ACTION</u>

A. <u>Minimum Wage Violations</u>

15.   The Plaintiffs were entitled to be paid no less than the current applicable minimum hourly rate for services performed on behalf of the Company and any underpayment is, by definition, a violation of the FLSA. 29 U.S.C. § 206(a)(1) (2019).

16.  No exemption excused the Defendants from paying the Plaintiffs the current applicable minimum hourly rate nor did the Defendants make a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out its illegal pattern or practice regarding compensation with respect to the Plaintiffs.

17.  Accordingly, the Plaintiffs are entitled to compensation at the current, applicable minimum hourly rate for hours they worked up to and including forty (40) hours each workweek but were not compensated at the current, applicable minimum hourly rate.

18.  In addition, the Plaintiffs are entitled to an amount equal to all of their unpaid hours worked up to and including forty (40) hours each week for which they were not properly compensated as liquidated damages.

### B. Unpaid Overtime Compensation

19.  The Plaintiffs regularly worked in excess of forty (40) hours per week for which they were not compensated at one and one-half (1½) times their regular rate of pay.

20.  As non-exempt employees, the Plaintiff were entitled to be paid one and one-half (1½) times their regular hourly rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a) (2019). Accordingly, the Defendants' practice of failing to pay the Plaintiffs overtime compensation was and is a clear violation of the FLSA.

21.  No exemption excused the Defendants from paying the

Plaintiffs one and one-half (1½) times their regular hourly rate for hours worked over forty (40) hours.   Nor did the Defendants make a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to the Plaintiffs.

22.   Accordingly, the Plaintiffs are entitled to overtime pay in an amount which is one and one-half (1½) times their regular rate of pay.

23.   In addition, the Plaintiffs are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages.

## C. Attorneys' Fees

24.   The Plaintiffs are also entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2019).

## JURY DEMAND

25.   The Plaintiffs request a trial by jury.

## PRAYER

WHEREFORE, Plaintiffs Tony Cleaver and Allie M. Jaramillo request that this Court award them judgment, jointly and severally, against Defendants Avdilji Management, Inc., dba Mi Piaci Italian Restaurant, and Resat Avdilji, Individually, for:

   a.   an amount equal to the Plaintiffs' unpaid compensation for hours worked up to forty (40) hours each workweek as actual damages;

   b.   an amount equal to the Plaintiffs' unpaid compensation for hours worked up to forty (40) hours each workweek as liquidated damages;

c.   an amount equal to the Plaintiffs' unpaid overtime compensation as actual damages;

d.   an amount equal to the Plaintiffs' unpaid overtime compensation as liquidated damages;

e.   reasonable attorneys' fees, costs and expenses of this action;

f.   pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

g.   such other and further relief as may be allowed by law.

Respectfully submitted,

/S/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com